UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOYLE WAYNE SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-10-0453-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART, AND REMANDING FOR ADDITIONAL PROCEEDINGS |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF. No. 13, 19.) Attorney Jeffrey Schwab represents Doyle Wayne Smith (Plaintiff); Special Assistant United States Attorney Robert L. Van Saghi represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff applied for Supplemental Security Income (SSI) on January 23, 2008. (Tr. 16.) He alleged disability due to depression, PTSD, arthritis, carpal tunnel syndrome of the right hand, low back pain, and high blood pressure, with an onset date of June 4, 2002. (Tr. 148.) After benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an

administrative law judge (ALJ), which was held before ALJ James W. Sherry on December 16, 2009.  (Tr. 35-62.)  Plaintiff, who was represented by counsel, and vocational expert (VE) Daniel R. McKinney, Sr., testified.  The ALJ denied benefits on February 22, 2010, and the Appeals Council denied review.  (Tr. 1-5, 16-27.)  Plaintiff's claim is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART, AND REMANDING FOR ADDITIONAL PROCEEDINGS - 2

Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART, AND REMANDING FOR ADDITIONAL PROCEEDINGS - 3

detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time Plaintiff applied for SSI, he was 50 years old. (Tr. 40.) Plaintiff reported he completed the 11th grade in school and later obtained his GED. (Tr. 41.) Plaintiff was single and lived in an apartment with a friend at the time of the administrative hearing. (Tr. 41.) His sole source of income at the time was public assistance. (Tr. 42.) Plaintiff indicated he had no reported

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART, AND REMANDING FOR ADDITIONAL PROCEEDINGS - 4

earnings from work after 2001[1] and was able to get by with the assistance of friends. (Tr. 43-44.) Plaintiff stated, in 2001, he experienced nightmares and flashbacks as a result of trauma from having to deal with the murder of his father by his brother. (Tr. 44-45.) He started using drugs at that time. (Tr. 46.) Plaintiff testified he stopped using drugs on February 3, 2008, but used on one occasion after that date, in October 2008. (Tr. 46-47, 53.) He reported he has been clean and sober since that time. (Tr. 47-48.) Plaintiff stated he cannot work "[m]ainly because of the PTSD. . . . I'm apt to go off at any given time." (Tr. 55.)

## ADMINISTRATIVE DECISION

At step one, ALJ Sherry found Plaintiff had not engaged in substantial gainful activity since the application date. (Tr. 18.) At step two, the ALJ found Plaintiff had severe impairments of "posttraumatic stress disorder; anxiety disorder; major depressive disorder; polysubstance dependence; lumbar degenerative disk disease; right inguinal hernia; and mild atherosclerosis of the left anterior descending artery." (Tr. 18.) At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (Tr. 19.) The ALJ specifically considered Listings 1.04, 12.04 and 12.06. (Tr. 19.) The ALJ determined Plaintiff could perform light exertion-level work with lifting up to 20 pounds at a time, frequent lifting and/or

---

[1] Plaintiff did testify he had performed freelance landscaping work for which he was paid "under the table" approximately six years prior to the administrative hearing. (Tr. 55-56.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART, AND REMANDING FOR ADDITIONAL PROCEEDINGS - 5

carrying 10 pounds, standing/walking six hours out of an eight hour workday, sitting six hours out of an eight hour workday, and unlimited pushing/pulling within lifting restrictions. (Tr. 21.) The ALJ's residual functional capacity (RFC) assessment also included the following restrictions:

> The claimant can occasionally climb ladders, ropes or scaffolds. The claimant can occasionally climb ramps or stairs. The claimant can occasionally balance. The claimant can occasionally stoop, crouch, kneel and crawl. The claimant must avoid concentrated exposure to unprotected heights. The claimant must avoid concentrated use of moving machinery. The claimant is capable of simple, routine and repetitive tasks. The claimant must have only occasional superficial contact with the public and coworkers. The claimant may need to be shown changes.

(Tr. 21.) The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of his symptoms were not found credible to the extent they were inconsistent with the ALJ's RFC assessment. (Tr. 21.) At step four, the ALJ indicated that Plaintiff has no past relevant work. (Tr. 25.) At step five, based on the VE testimony and considering Plaintiff's age, education, work experience and RFC, the ALJ found there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including assembler/small products, products inspector/ small parts and hand packager/packer inspector. (Tr. 26.) The ALJ concluded Plaintiff had not been disabled since the application date and was therefore ineligible for benefits under the Act. (Tr. 27.)

**ISSUES**

The question presented is whether the ALJ's denial of benefits

is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he improperly rejected the opinions of James Goodwin, Psy.D., in favor of the state agency reviewing physicians. Plaintiff contends that a remand is necessary because the ALJ failed to account for the limitations identified by Plaintiff's treating and examining medical providers in the hypothetical presented to the VE.  (ECF No. 14.)

**DISCUSSION**

In making his RFC determination in this matter, the ALJ accorded weight to the opinions of reviewing state agency psychological consultants, James Bailey, Ph.D., and Mary A. Gentile, Ph.D. (Tr. 25), and specifically determined that the opinions of James Goodwin, Psy.D., A. Ashleigh Keyser, M.D., and Brett McDonald, M.S., L.M.H.C., were not persuasive evidence that Plaintiff suffered greater restrictions from a psychological standpoint. (Tr. 23-25.)

The courts distinguish among the opinions of three types of physicians:  treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater,* 81 F.3d 821, 839 (9th Cir. 1996).  A treating physician's opinion is given special weight because of his familiarity with the claimant and her physical condition. *Fair v. Bowen,* 885 F.2d 597, 604-605 (9th Cir. 1989).  Thus, more weight is given to a treating physician than an examining physician. *Lester*, 81 F.3d at 830. However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.

1 1989) (citations omitted).  The Ninth Circuit has held that "[t]he
2 opinion of a nonexamining physician cannot by itself constitute
3 substantial evidence that justifies the rejection of the opinion of
4 either an examining physician or a treating physician." *Lester*, 81
5 F.3d at 830.  Rather, an ALJ's decision to reject the opinion of a
6 treating or examining physician, may be *based in part* on the
7 testimony of a nonexamining medical advisor. *Andrews v. Shalala*, 53
8 F.3d 1035, 1043 (9th Cir. 1995).  The ALJ must also have other
9 evidence to support the decision such as laboratory test results,
10 contrary reports from examining physicians, and testimony from the
11 claimant that was inconsistent with the physician's opinion.
12 *Andrews*, 53 F.3d at 1042-1043.

13     Nonexamining physician Bailey indicated on March 14, 2008, that
14 Plaintiff was capable of simpler tasks, can concentrate on concrete
15 tasks, could work around others but not with high levels of
16 cooperation, could have superficial public and coworker contact and
17 may need to be shown some changes.  (Tr. 430.)  Dr. Bailey noted no
18 greater than moderate limitations with respect to Plaintiffs mental
19 functioning.  (Tr. 438-429.)  Dr. Gentile affirmed Dr. Bailey's
20 report on December 3, 2008.  (Tr. 501.)  The ALJ based his mental
21 RFC determination on the opinions of these reviewing state agency
22 physicians.  (Tr. 25.)

23     On August 2, 2005, Dr. Goodwin examined Plaintiff.  (Tr. 257-
24 262.)  Dr. Goodwin noted that, on examination, "severe deficits"
25 were evidenced in attention and concentration.  (Tr. 257.)  He
26 indicated that Plaintiff is socially isolated and the general
27 quality of his interactions with others could be described as
28

dependant. (Tr. 258.) "Specific interpersonal problems were noted in peer social relations, marital relations, intimate relations, and interactions with authorities." (Tr. 258.) Plaintiff was diagnosed with Major Depressive Disorder, Recurrent Moderate-Severe; Polysubstance Dependence, Early Partial Remission; and PTSD. (Tr. 258.) Plaintiff was given a Global Assessment of Functioning (GAF) score of 45.[2] Dr. Goodwin opined that Plaintiff had severe limitations on his abilities to relate appropriately to co-workers and supervisors and respond appropriately to and tolerate the pressure and expectations of a normal work setting and marked limitations on his abilities to learn new tasks, exercise judgment and make decisions, interact appropriately in public contacts, and control physical or motor movements and maintain appropriate behavior. (Tr. 261.)

On June 5, 2007, Dr. Goodwin again examined Plaintiff. (Tr. 231-236.) Dr. Goodwin noted that, on examination, "severe deficits" were evidenced in attention and concentration and there was evidence of social phobia. (Tr. 231.) He indicated that Plaintiff is socially isolated and the general quality of his interactions with others could be described as avoidant. (Tr. 232.) "Specific interpersonal problems were noted in peer social relations, marital relations, intimate relations, and interactions with authorities."

---

[2] A GAF of 50-41 reflects: "[s]erious symptoms (e.g., suicidal ideation, severe obsessive rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS-IV 32 (4th ed. 1994).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART, AND REMANDING FOR ADDITIONAL PROCEEDINGS - 9

(Tr. 223.) Plaintiff was diagnosed with Major Depressive Disorder, Recurrent Moderate-Severe; Polysubstance Dependence, Partial Remission; and PTSD. (Tr. 232, 234.) Plaintiff was again given a GAF score of 45. Dr. Goodwin opined that Plaintiff had severe limitations on his abilities to relate appropriately to co-workers and supervisors and to respond appropriately to and tolerate the pressure and expectations of a normal work setting and marked limitations on his abilities to exercise judgment and make decisions and interact appropriately in public contacts. (Tr. 235.)

Plaintiff was again examined by Dr. Goodwin on October 16, 2007. (Tr. 222-227.) Dr. Goodwin again noted that "severe deficits" were evidenced in attention and concentration and there was evidence of social phobia. (Tr. 222.) He again indicated that Plaintiff is socially isolated and the general quality of his interactions with others could be described as avoidant. (Tr. 223.) "Specific interpersonal problems were noted in peer social relations, marital relations, intimate relations, and interactions with authorities." (Tr. 223.) Plaintiff was diagnosed with Major Depressive Disorder, Recurrent Moderate-Severe; Polysubstance Dependence, Early Full Remission; and PTSD. (Tr. 223, 225.) Plaintiff was given a GAF score of 47. Dr. Goodwin again opined that Plaintiff had severe limitations on his abilities to relate appropriately to co-workers and supervisors and to respond appropriately to and tolerate the pressure and expectations of a normal work setting and marked limitations on his abilities to exercise judgment and make decisions and interact appropriately in public contacts. (Tr. 226.)

The ALJ rejected the opinions of Dr. Goodwin because they were

not consistent with the state agency reviewing physicians' opinions and because the limitations assessed on the check-box forms went beyond those found in the mental status examination. (Tr. 23.) The ALJ "presumed" Dr. Goodwin relied mostly on the claimant's subjective reporting when completing the forms. (Tr. 23.) For the reasons provided below, the undersigned finds that the rationale provided by the ALJ for rejecting Dr. Goodwin's opinions is insufficient.

First, the ALJ's assertion that he presumed that Dr. Goodwin relied mostly on Plaintiff's non-credible subjective reporting is not a valid reason to reject the doctor's opinions. This belief is not substantiated and amounts to speculation on the part of the ALJ.

Second, the ALJ's finding that the limitations assessed by Dr. Goodwin on the check-box forms go beyond those discussed in the mental status examination is incorrect. The narrative portions of Dr. Goodwin's reports note "severe deficits" are evidenced in attention and concentration, there is evidence of social phobia, Plaintiff is socially isolated, and "[s]pecific interpersonal problems were noted in peer social relations, marital relations, intimate relations, and interactions with authorities." *See infra*. These findings by Dr. Goodwin are consistent with the determinations he made on the accompanying check-box forms.

Finally, as noted above, the opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician, *Lester*, 81 F.3d at 830, and the reviewing state agency physicians are the only medical professionals of record who

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART, AND REMANDING FOR ADDITIONAL PROCEEDINGS - 11

contradict the findings of Dr. Goodwin.  Dr. Goodwin's opinions are consistent with all other medical providers of record.

In November 2005, A. Ashleigh Keyser, M.D.,[3] completed a physical evaluation of Plaintiff and opined that depression and likely PTSD would markedly to severely interfere with Plaintiff's ability to communicate and follow directions (Tr. 269) and had made it impossible for Plaintiff to maintain a job. (Tr. 270.)  On January 28, 2008, Marie Carmel Desire, M.D., examined Plaintiff, diagnosed Depressive Disorder, NOS, possibly due to PTSD; PTSD, chronic; Insomnia due to PTSD, and Anxiety Disorder, NOS, possibly due to PTSD, and gave Plaintiff a GAF score of 45-51.  (Tr. 411-412.)  The ALJ did not discuss the medical report of Dr. Desire.  On September 22, 2008, treating mental health counselor Brett McDonald,

---

[3] The ALJ rejected Dr. Keyser's assessment because Dr. Keyser did not provide objective evidence or a detailed explanation for the findings and it seemed that Dr. Keyser relied mostly on Plaintiff's subjective reporting. (Tr. 24.)  Although Dr. Keyser merely filled out a check-box form, the state agency reviewing physician, whose opinion the ALJ accorded significant weight, used a similar check-box evaluation form, and the ALJ did not explain why a check-box form completed by the nonexamining physician was entitled to more weight than the check-box form completed by Dr. Keyser.  Furthermore, like Dr. Goodwin, the ALJ's assumption that Dr. Keyser relied on Plaintiff's subjective reporting is again unsubstantiated.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART, AND REMANDING FOR ADDITIONAL PROCEEDINGS - 12

M.S., L.M.H.C.,[4] diagnosed Plaintiff with depression, NOS; PTSD, chronic; insomnia due to PTSD; and an anxiety disorder, NOS, and indicated Plaintiff was "seriously disturbed." (Tr. 540, 542.) Mr. McDonald opined that Plaintiff was severely limited in his ability to respond appropriately to and tolerate the pressure and expectations of a normal work setting and had marked limitations in his abilities to understand, remember and follow complex instructions, learn new tasks, exercise judgment and make decisions and relate appropriately to co-workers and supervisors. (Tr. 541.) The foregoing medical reports are consistent with the opinions articulated by Dr. Goodwin on exam.

In summation, the ALJ's presumption that Dr. Goodwin relied mostly on Plaintiff's subjective reporting is unsubstantiated, the

---

[4] The ALJ also rejected Mr. McDonald's opinions. (Tr. 24.) The ALJ asserted Mr. McDonald did not provide objective evidence to substantiate his findings, used only a check-off form and indicated limitations that are beyond the evidence. (Tr. 24.) However, Mr. McDonald is a treating medical provider, the relied upon state agency reviewing physician used a similar check-box form, and Mr. McDonald's assessed limitations are consistent with the findings of all medical providers of record, with the exception of the state agency reviewing physicians. While the ALJ correctly noted that Mr. McDonald's opinions do not qualify as medical evidence from an acceptable medical source as required by the Social Security Regulations, 20 C.F.R. §§ 404.1513, 416.913, the opinion from this treating medical source is persuasive, especially given that it is consistent with the weight of the record evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART, AND REMANDING FOR ADDITIONAL PROCEEDINGS - 13

ALJ's finding that the limitations assessed by Dr. Goodwin go beyond those discussed in his examination is without merit, and Dr. Goodwin's opinions are consistent with the opinions of all medical professionals of record, with the exception of the state agency reviewing physicians, and the opinion of nonexamining physicians cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician. *Lester*, 81 F.3d at 830. The ALJ formulated reasons to reject the opinions of Dr. Goodwin, Dr. Keyser and Mr. McDonald; however, as discussed above, the ALJ's rationale in this regard is insufficient. Accordingly, it is this court's determination that the ALJ failed to provide "specific" and "legitimate" reasons for rejecting the opinions set forth by Dr. Goodwin, Dr. Keyser, Dr. Desire and Mr. McDonald in favor of the opinions of the state agency medical consultants. *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). Because the ALJ failed to introduce limitations assessed by these medical professionals in a hypothetical to a VE, this matter must be remanded for additional proceedings.

On remand, the ALJ shall reassess Plaintiff's mental residual functional capacity, taking into consideration the opinions of all medical professionals of record, as well as any additional or supplemental medical evidence relevant to Plaintiff's claim for disability benefits. The ALJ shall additionally elicit the testimony of a medical expert at a new administrative hearing to assist the ALJ in formulating a new residual functional capacity determination. Plaintiff's new RFC assessment should be presented to a vocational expert to determine if Plaintiff is capable of

performing any other work existing in sufficient numbers in the national economy.

**CONCLUSION**

The court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, further development is necessary to remedy defects and for a proper determination to be made. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **GRANTED, IN PART**, and the matter is remanded to the Commissioner for additional proceedings consistent with this order.

2. Defendant's Motion for Summary Judgment **(ECF No. 19)** is **DENIED.**

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Plaintiff,** and the file shall be **CLOSED**.

DATED September 6, 2012.

                    S/ CYNTHIA IMBROGNO
             UNITED STATES MAGISTRATE JUDGE